Mr. Chief Justice Cartter
delivered the opinion of the court.
In this case the court have come to the conclusion to affirm the decree below. The case involves the construction of a will, and the question is, whether the complainant takes a fee-simple or a life estate only. The question is not novel in this court. The issue has been once made and determined in an essentially parallel case, in which we came to the conclusion that the language used here conveyed an estate of inheritance. It is contended, however’, that our decision is in conflict with early and repeated decisions both in Great Britain and this country, which have always held that a general devise over, without words of inheritance, after the creation of a prior life estate in the property devised, will pass but a life estate. But, while this may be so, we are constrained to. believe that our judgment is in thorough consonance with good sense and with that principle which pronounces the intention of the testator the supreme and overruling consideration governing the construction of wills. The construction put upon this class of devises in the cases alluded to appears to be in contravention of the rule of construction adopted by the courts in ascertaining the will of the testator, and, marvellously enough, the courts confess it. We might just as well say, following that line of decisions, “although we believe the testatrix designed in this instance to devise an estate of inheritance, we never *326 theless decide that the devisee shall not have it because the technical terms of the conveyance do not import it: and although a will, unlike all other conveyances, is not dependent upon technical terms, but such terms are overruled by the intention of the testator, nevertheless we determine that these technical terms shall rule to the suppression of the purpose of the testatrix.” That is what we would be saying if we followed these decisions. Of course it is important that established rules of construction should be preserved, even though it be at the cost of sometimes sacrificing the intention of a testator. But it has always been held that where a rule of judicial interpretation obviously fails to answer the purpose for which it was created and plainly operates in contravention of the intention of the testator, then the rule loses its application. What was the intention of testatrix here ? Did she intend to pass a life estate or an estate of inheritance ? Here is the language :
“ I give and bequeath unto my husband, Thomas French, dui’ing his natural life, the houses and lot numbered 7, in square 403, being the same that was conveyed by Clement Cox and wife to Lewis Edwards, as trustee for Mary French, by deed bearing date the 7th day of May, 1838, the said property aforesaid lying and being in the city of Washington.
“ This bequest to my husband is with this limitation and restriction; that is if the said Thomas French shall again intermarry, then his interest in said property is to cease and the benefits and interests thereof are to go to Michael A. French.”
She put two unmistakable qualifications to the title of Thomas French, one was marriage, and the other death. There can be no mistake about the estate created in his case. It was less than an estate of inheritance, and it left the remainder of the property to pass on to somebody and in some way. Then she proceeds to say that upon the decease of the said Thomas French, or if he shall marry again, she gives and bequeaths the said lot No. 7, in square 403, to Michael A. French.
*327 Now, in an ordinary reading of the English language as estimated by those who speak and write it, the conclusion would be spontaneous that this testatrix intended to give alife estate to Thomas French and an estate of inheritance to Michael A. French. That is the way it would be understood by all laymen. Nobody would hesitate about it a single moment. And still it is claimed that, read in the light of the law, this language means another life estate. Where was it to go then when that had expired ? She had no children. In the ascending line it was to go to collaterals, or their descendants. Now, did she contemplate such a disposition of her property as that ? In our opinion she never intended any such thing. 'That would be simply leaving the disposition of her estate to accident, and would be a mark of want of intention. Whereas the very making of a last will and testament is an ■evidence, of the testator having an intention. We think that this language means that, after.the determination of Thomas French’s life estate in this property, Michael French is to take whatever remains of the estate the testatrix possessed. That is what this court held in a case similar to this, and it has been so held in a like case in Massachusetts, in a very learned and able decision, reported in 12 Cushing. Plimpton vs. Plimpton, 458. That decision alone, if there were no others, ought in my opinion to consecrate so self-evident a rule of reason, especially as against a line of authorities which do not profess that they are following reason but simply precedent.